**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| HALEH MERRIKH,          ) <br> ) <br> Plaintiff,          ) <br> ) <br> v.          ) <br> ) <br> AMERICAN HOME MORTGAGE ASSETS TRUST ) <br> 2006-3; and SURETY TRUSTEES, LLC,          ) <br> ) <br> Defendants.          ) <br> ) | Case No. 1:13-cv-209 |

**DEFENDANT CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3'S
<u>MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3 ("Citibank, as Trustee"), respectfully submits this Memorandum in Support of its Motion to Dismiss the Complaint filed by Plaintiff Haleh Merrikh ("Plaintiff").

The Complaint is based entirely upon Plaintiff's theory that only the original lender—and not Citibank, as Trustee—could appoint a substitute trustee under the Deed of Trust and initiate foreclosure. Yet this theory is not only inconsistent with Virginia law on negotiable instruments and deeds of trust, it has also already been soundly rejected by the U.S. Court of Appeals for the Fourth Circuit. *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 619-22 (4th Cir. 2011).

Additionally, the Complaint is subject to dismissal because Plaintiff lacks standing to seek to quiet title to property that would belong to her bankruptcy estate; Plaintiff cannot challenge either that Citibank, as Trustee, is the entity entitled to foreclose (which was decided in the bankruptcy court) or that Homeward Residential, Inc., f/k/a American Home Mortgage

Servicing, Inc. ("AHMSI"), was the servicer of her loan (which she admitted in her bankruptcy petition); Plaintiff lacks standing to challenge the appointment of substitute trustee, to which she was not a party; Plaintiff cannot obtain declaratory relief for retrospective claims; Plaintiff has failed to state a claim to quiet title; and Plaintiff cannot ask this Court to review or enjoin state court proceedings. Finally, Plaintiff's claims are belied by the fact that Citibank, as Trustee, owns the original Note, endorsed in blank.

## BACKGROUND

For purposes of this motion only, Citibank, as Trustee, accepts all well-pleaded allegations in the Complaint as true. *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Plaintiff admits taking a loan from American Brokers' Conduit ("ABC") to purchase the property at 1932 Kirby Road, McLean, VA 22101 ("Property") on or about June 29, 2006. Compl. ¶¶ 1, 6-7. Plaintiff further admits that the loan was evidenced by a Note and secured by a Deed of Trust on the Property, both executed by Plaintiff. Compl. ¶ 7. Plaintiff does not challenge the validity of either document.

When Plaintiff failed to make payments on the loan as agreed, Plaintiff was given notice that her failure to make payments would result in foreclosure. Compl. ¶ 10. Because she did not cure the default, a foreclosure sale was scheduled and Plaintiff was given notice of same. Compl. ¶ 13. The Property was sold at foreclosure in November 2011. Compl. ¶ 37.

Meanwhile, on October 28, 2009, Plaintiff filed a voluntary bankruptcy petition under Chapter 11. On October 26, 2010, the bankruptcy was converted to Chapter 7 on the motion of the U.S. Trustee. On January 11, 2011, Citibank, as Trustee moved for relief from the automatic stay to enforce its lien against the Property. Plaintiff filed her opposition on January 28, 2011.

On March 22, 2011, the bankruptcy court entered an agreed order granting the Motion for Relief from Stay.  The bankruptcy case is still pending.

On April 26, 2012, almost half a year after the foreclosure sale, Plaintiff filed her Complaint.  Plaintiff alleges three purported causes of action in the Complaint: (1) "Unlawful Foreclosure" (Compl. ¶¶ 43-50); (2) "Remove Cloud on Title" (Compl. ¶¶ 51-55); and (3) "Declaratory Action / Request for Stay of UD case re Possession / Ejectment" (Compl. ¶¶56-58).

## **LEGAL STANDARD**

Rule 12(b)(6) requires dismissal where a plaintiff has failed "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) shall be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  While courts "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved," a plaintiff cannot rely on "legal conclusions drawn from the facts." *E. Shore Mkts., Inc.*, 231 F.3d at 180.  A complaint fails "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Further, factual allegations that are contradicted by exhibits attached to a complaint, or by documents whose content are alleged in a complaint, should not be accepted as true. *See Am. Chiropractic Assoc., Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).  In considering a motion to dismiss, a court may examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

# ARGUMENT

Plaintiff's entire case rests on her erroneous assertion that only the original lender could appoint a substitute trustee. Yet Plaintiff cannot maintain that purported claim for nine reasons: I) Plaintiff lacks standing to quiet title to property that would belong to her bankruptcy estate—and not to her—if the foreclosure were somehow not valid; II) the bankruptcy court already determined that Citibank, as Trustee, could enforce the Note and Deed of Trust, and Plaintiff admitted in her bankruptcy petition that the debt was valid and owed to the then-servicer of her loan, American Home Mortgage Servicing, Inc. ("AHMSI," now known as Homeward Residential, Inc.); III) Plaintiff lacks standing to challenge the appointment of substitute trustee, to which she was not a party; IV) Plaintiff's legal theory has been rejected by the Fourth Circuit; V) "unlawful foreclosure" is not a cause of action in Virginia; VI) Plaintiff has failed to state a claim to quiet title; VII) Plaintiff cannot obtain declaratory relief since the foreclosure already occurred; VIII) Plaintiff cannot ask this Court to review or enjoin state court proceedings; and IX) Citibank, as Trustee's ownership of the original Note, endorsed in blank, belies Plaintiff's theories.

## I. Plaintiff Lacks Standing

Plaintiff lacks standing to bring suit to quiet title to property based on a purported interest in the property that would belong to her bankruptcy estate. Once an action is part of the estate of the bankrupt, then the only party with standing to bring a claim is the trustee of the estate. *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999). Accordingly, the Complaint should be dismissed for lack of standing.

Plaintiff scheduled an interest in the Property in her bankruptcy petition (*In re Merrikh*, No. 09-18890 (E.D. Va. Bankr.)). *See* Schedule D (Bankruptcy Docket No. 1 at 16-17, attached hereto as Exhibit A), of which this Court may take judicial notice. Because the secured debt held

4

by Citibank, as Trustee, was greater than the expected sale price of the Property, the bankruptcy court granted Citibank, as Trustee, relief from the automatic stay to permit it to foreclose on the Property. *See* Order Granting Motion for Relief from Stay (Bankruptcy Docket No. 69, attached hereto as Exhibit B). Since Plaintiff's interest in the Property was part of the bankruptcy estate (*see* 11 U.S.C. § 541(a)(1)), Plaintiff cannot assert any claims based upon an interest in the property that she no longer has. *Cf. Poth v. Russey*, 99 Fed. App'x 446, 457 (4th Cir. 2004) (unpublished) ("Creditors similarly lack standing to bring 'causes of action [that] are . . . similar in object and purpose to claims that the trustee could bring in bankruptcy,' regardless of whether such claims are technically part of the estate of the bankrupt.") (brackets and ellipses in original) (quoting *Ruppert Landscaping*, 187 F.3d at 441).

Here, Plaintiff's claims are based upon an ownership interest in the Property which, if it existed, would belong not to Plaintiff but to her bankruptcy estate. Accordingly, any claim would belong to the bankruptcy estate, Plaintiff lacks standing and the Complaint should be dismissed.

## II. **The Complaint Is Barred by Collateral Estoppel and Judicial Estoppel**

Since Plaintiff consented to the bankruptcy court's Order Granting Relief from Stay, which recognized that Citibank, as Trustee, is the party secured by the Deed of Trust and permitted it to initiate foreclosure on the Property, and since Plaintiff admitted that Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. ("AHMSI"), was the servicer of her loan, the Complaint is barred by collateral estoppel and judicial estoppel.

"Collateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980));

*see also Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. App'x 256, 262 (4th Cir. 2008) (unpublished) (recognizing "rule giving preclusive effect to issues established by stipulation in prior litigation").

Since an order granting or denying relief from the automatic stay is a final appealable order, Plaintiffs are barred by collateral estoppel from relitigating issues necessarily decided in the bankruptcy court orders. *See Grundy Nat'l Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1439 (4th Cir. 1985) (order denying relief from stay is final, appealable); *Blackford v. Meredith (In re Meredith)*, No. 3:05CV332, 2005 U.S. Dist. LEXIS 40242, at *15 (E.D. Va. Aug. 19, 2005) (order granting relief from stay is final, appealable).

The bankruptcy court's order (Exhibit B hereto) explicitly determined that Citibank, as Trustee was the party secured by the Deed of Trust and could exercise such rights as existed under the Deed of Trust. Plaintiff initially objected to the Motion for Relief from Stay on the very same grounds as asserted here, *see* Opposition to Motion for Relief from Stay, ¶ 2 ("Debtor does not know whether Movant is, in fact, currently the holder of the obligation") (Bankruptcy Docket No. 57, attached hereto as Exhibit C), and subsequently agreed to the Order Granting Relief from Stay (as shown by counsel's endorsement of the order as "Seen and Agreed"), which necessarily rejected Plaintiff's argument concerning the party entitled to enforce the Deed of Trust, in permitting Citibank, as Trustee "to enforce the lien of its deed of trust." Order at 1. Accordingly, Plaintiff is collaterally estopped from challenging Citibank, as Trustee's rights under the Order.

Moreover, the Complaint is also barred by judicial estoppel. In her bankruptcy schedules, Plaintiff explicitly admitted that the deed of trust on the Property was not only valid, but that AHMSI (then the servicer of the loan, who Plaintiff admits in the Complaint was the

6

agent of Citibank, as Trustee (Complaint ¶ 36)) was the party to whom the debt secured by the first Deed of Trust is owed. *See* Bankruptcy Schedule D (Exhibit A hereto); Debtor's Declaration (Bankruptcy Docket No. 1 at 30, attached hereto as Exhibit D). Since Plaintiff obtained benefits in the bankruptcy court on the basis of those intentional representations and admissions (including but not limited to the application of the automatic stay in the first place), she is judicially estopped from making inconsistent assertions here. Judicial estoppel is an equitable doctrine "that exists to prevent the litigants from playing 'fast and loose' with the courts. . . ." *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998). The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).

Since the bankruptcy court determined that Citibank, as Trustee could enforce "its" Deed of Trust, since Plaintiff consented to that Order, and since Plaintiff's admission that AHMSI was the servicer is flatly inconsistent with her allegations here, Plaintiff is collaterally and judicially estopped from challenging Citibank, as Trustee's authority here, and the Complaint should be dismissed with prejudice.

### III. Plaintiff Has No Standing to Challenge the Appointment of the Substitute Trustee

The entire Complaint relies on Plaintiff's purported challenge to the validity of the appointment of the Substitute Trustee. Because Plaintiff lacks standing to challenge that appointment—to which she was not a party—the Complaint should be dismissed.

Plaintiff's first and second causes of action, for "unlawful foreclosure" and quiet-title, both rest on the theory that Citibank, as Trustee, lacked authority to foreclose upon the Property after Plaintiff's uncured default, because of a purportedly faulty appointment of substitute

7

trustee. *See, e.g.*, Compl. ¶¶ 14-27, 44, 50, 52-53. In turn, Plaintiff's third claim, a request for declaratory action, relies upon the validity of its first two claims.

Yet, because Plaintiff is not a party to the appointment of substitute trustee, nor an intended beneficiary, she has no standing to challenge the validity of that document. *See Wolf v. Fannie Mae*, 830 F. Supp. 2d 153, 161-62 (W.D. Va. 2011), *affirmed at* 2013 U.S. App. LEXIS 4300 (4th Cir. February 28, 2013) (unpublished); *see also Buzbee v. U.S. Bank, N.A.*, 84 Va. Cir. 485, 488-89 (Va. Cir. Ct. 2012) ("because [p]laintiffs . . . were not parties or beneficiaries to the [corporate] assignment [of the deed of trust], they lack[ed] legal standing to challenge the assignment"); *Bennett v. Bank of Am., N.A.*, No. 3:12-CV-34, 2012 U.S. Dist. LEXIS 54725, at *20-24 (E.D. Va. Apr. 18, 2012) (dismissing plaintiff's challenge to the validity of an appointment of substitute trustee because plaintiff "lack[ed] standing" to launch such an attack since he "was not a party to the document appointing [the substitute trustee]"); *cf. Yuille v. Am. Home Mortg. Servs., Inc.*, 483 Fed. App'x 132, 135 (6th Cir. 2012) (unpublished) (where plaintiff was "a stranger to the assignment [of the mortgage he] lacked standing to challenge its validity").

Since Plaintiff lacks standing to attack the legitimacy of the appointment of substitute trustee, and the whole Complaint stems from the allegedly "fraudulent" appointment of substitute trustee, this Court should dismiss all of Plaintiff's claims with prejudice. *Cf. Horvath v. Bank of New York*, 641 F.3d 617, 623 n.3 (4th Cir. 2011) ("In addition to the arguments discussed below, Horvath hints that BNY should have had to prove that it had standing to enforce the note before appointing Equity Trustees to conduct a foreclosure. We reject this argument.") (citations omitted).

### IV.   Plaintiff's Theory that Only the Original Lender Can Enforce the Deed of Trust Has Been Soundly Rejected

The entire Complaint rests upon the assertion that only the original lender can appoint a substitute trustee or initiate foreclosure. Yet the Fourth Circuit has already squarely rejected this argument, holding that the term "Lender" as used in a deed of trust applies to any subsequent beneficiary as well. *Horvath*, 641 F.3d at 624-25; *see also* Va. Code § 55-59(9) ("The party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, shall have the right and power to appoint a substitute trustee or trustees for any reason and, regardless of whether such right and power is expressly granted in such deed of trust, by executing and acknowledging an instrument designating and appointing a substitute.").

Because Plaintiff's legal theory has already been rejected by the Fourth Circuit, the Complaint should be dismissed with prejudice.

### V.   Count I Fails Because There Is No Cause of Action for "Unlawful Foreclosure"

Even if Plaintiff had standing and were not estopped, and even if her underlying legal theory were not infirm, Count I would be subject to dismissal because Virginia does not recognize a cause of action for unlawful foreclosure. *Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 811 (E.D. Va. 2012) ("Virginia does not recognize a cause of action for wrongful foreclosure.") (citation omitted).

Accordingly, Count I should be dismissed with prejudice.

### VI.   There is No "Cloud" on the Title to the Property.

Even if Plaintiff had standing and were not estopped, and even if her underlying legal theory were not infirm, Count II would be subject to dismissal because Plaintiff has not stated a claim to quiet title. "A party asserting a quiet title action must plead that he or she has superior

9

title to the property." *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 700 (E.D. Va. 2010). Moreover, a mere conclusory assertion of superior title is not sufficient; the proponent of a quiet title action must plead specific facts which would plausibly establish superior title. *See id.* ("Here, Plaintiffs allege no facts that plausibly suggest that they have superior title.").

Yet Plaintiff pleads no facts that would establish superior title to the Property. First, as she must, Plaintiff admits the validity of the Note and Deed of Trust, and that her title to the Property was subject to the Deed of Trust. Complaint ¶ 9. Second, Plaintiff admits she went into default. Complaint ¶ 10. Third, Plaintiff admits that the Property was sold at foreclosure sale. Complaint ¶ 37. Finally, although this was not required in order to validly transfer the Note and along with it the Deed of Trust, Plaintiff admits that MERS, the beneficiary (as nominee) of the Deed of Trust, executed an assignment of the Deed of Trust to Citibank, as Trustee. *E.g.*, Complaint ¶ 27. *See Tapia*, 718 F. Supp. 2d at 697 (MERS had authority to exercise rights under Deed of Trust). In light of these admissions, Plaintiff has not—and cannot—plead any facts that would establish her superior title.

Since Plaintiff has not pleaded facts that would plausibly establish that Plaintiff has superior title to the Property, Count II should be dismissed.

## VII. Count III for Declaratory Relief Also Fails

Because it relies on the same theories as Counts I and II, Count III for Declaratory Judgment should be dismissed. *See* discussion, *supra*. Moreover, the foreclosure has already taken place, so any rights and duties with respect to the foreclosure have already arisen. Since declaratory relief must be prospective, and not retrospective, Count III should be dismissed. *See Tapia*, 718 F. Supp. 2d at 696 ("declaratory relief was not appropriate because the property had already been foreclosed").

## VIII. The Anti-Injunction Act and Rooker Feldman Doctrine Bar Count III

Plaintiff brought Count III to "enjoin" the unlawful detainer action that was heard in Fairfax County District Court, and which is presently on appeal to the Fairfax County Circuit Court.  First, Plaintiff cannot obtain relief here which would serve as an appeal of the judgment of the Fairfax District Court, under the Rooker-Feldman doctrine.  *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) ("The Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'") (citation omitted).   Second, Plaintiff cannot obtain an injunction against the proceedings in the Fairfax Circuit Court, under the Anti-Injunction Act.  *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  Accordingly, to the extent Count III seeks to challenge the District Court judgment or enjoin the Circuit Court proceedings, it should be dismissed.

## IX. Citibank, as Trustee's Ownership of the Original Note Belies Plaintiff's Claims

Since Citibank, as Trustee, holds the original Note, endorsed in blank, Plaintiff cannot plausibly claim that Citibank, as Trustee, lacks authority to enforce the Note, appoint a substitute trustee, or initiate foreclosure.

It is well-established under Virginia law that a party in possession of the original Note, endorsed in blank, possesses all rights under the Note and Deed of Trust, including the rights to appoint a substitute trustee and to initiate foreclosure.  *See*, *e.g.*, *Horvath*, 641 F.3d at 621-22; *Stimpson v. Bishop*, 82 Va. 190, 200-01 (1886) ("It is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery.").

Virginia law gives the holder of an instrument the right to enforce that instrument. Va. Code § 8.3A-301. One becomes the holder of an instrument through negotiation. Va. Code §8.3A-201(b). Notes are freely transferable and the transferee has the right to enforce the instrument. Va. Code § 8.3A-203(b). Finally, the deed of trust securing a note runs with the note itself. *Williams v. Gifford,* 124 S.E. 403, 404 (Va. 1924) ("whenever the debt is assigned the deed of trust or mortgage is assigned and transferred with it")

Plaintiff has incorporated the Note in the Complaint (Complaint at 11 (list of exhibits)), and appears to admit that Citibank, as Trustee, holds the Note (¶ 18 ("not AHM-2006-3 with a piece of paper in its hand")), yet Plaintiff still purports to question Citibank, as Trustee's standing under the Note and Deed of Trust.[1] Defendants in this Action are prepared to tender the original Note, endorsed in blank, for the Court's inspection, at any hearing on this Motion or at the Court's direction.

Since Citibank, as Trustee, holds the original Note, Plaintiff cannot question its right to have appointed the substitute trustee or to have initiated the foreclosure. There can be no plausible claim to the contrary, and the Motion to Dismiss should be granted, with prejudice. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION

Since Plaintiff lacks standing, is collaterally and judicially estopped, fails to state a claim, and cannot possibly state a claim given Citibank, as Trustee's ownership of the original Note, endorsed in blank, the Complaint should be dismissed with prejudice.

---

[1] Citibank, as Trustee, does not have copies of the exhibits to the Complaint that were apparently filed in the state court proceedings, and accordingly did not file them with its Notice of Removal. A copy of the original Note, showing the endorsement in blank on page 7, is attached hereto as Exhibit E.

Dated: March 4, 2013  Respectfully submitted,

        WEINER BRODSKY KIDER PC

By:   /s/ Michael Y. Kieval
Michael Y. Kieval (VSB # 71142)
Tessa K. Somers (VSB # 84477)
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
kieval@thewbkfirm.com; somers@thewbkfirm.com
***Counsel for Defendant Citibank, N.A., as Trustee***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of March, 2013, I am filing the foregoing Memorandum in Support of Defendant Citibank, as Trustee's Motion to Dismiss, with exhibits, by ECF, which will cause electronic service to be effected on all counsel of record.

    /s/ Michael Y. Kieval
Michael Y. Kieval (VSB # 71142)
WEINER BRODSKY KIDER PC
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC  20036
Tel: (202) 628-2000
Fax: (202) 628-2011
Email: kieval@thewbkfirm.com