# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

|  |  |
|---|---|
| HALEH MERRIKH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-209 |
| AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3; and SURETY TRUSTEES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANT CITIBANK, N.A., AS TRUSTEE'S ANSWER TO THE COMPLAINT

Pursuant to the Federal Rules of Civil Procedure, Defendant Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3, misnamed "American Home Mortgage Assets Trust 2006-3" ("Citibank, as Trustee"), subject to and without waiving its pending Motion to Dismiss, hereby answers Plaintiff's Complaint as follows:

## Parties

1. Citibank, as Trustee lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, denies same.

2. Admitted that Citibank, N.A. is trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3. Otherwise, denied.

3. Admitted that Surety Trustees, LLC, was duly appointed as substitute trustee under the Deed of Trust at issue in this action. Otherwise, Citibank, as Trustee lacks knowledge

sufficient to form a belief as to the truth of the allegations in paragraph 3 and, on that basis, denies same.

## Jurisdiction and Venue

4. Admitted that this Court has personal jurisdiction over Citibank, as Trustee, in this action. Otherwise, denied.

5. Admitted that venue is proper in this Division. Otherwise, denied.

## Facts

6. Admitted that Plaintiff entered into a refinance transaction relating to the Property on June 29, 2006. Otherwise, denied.

7. Admitted as to the factual allegations. The assertion in the footnote is a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations in the footnote are denied.

8. Denied.

9. Denied.

10. Admitted that Plaintiff defaulted on her mortgage loan and "demands for payment" and notices of intent to foreclose were sent. Otherwise, denied.

11. Admitted that Exhibit C to the Complaint states that "Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3 is the current holder of a Note in the original amount of $1,271,000.00, secured by a certain deed of trust dated June 29, 2006, executed by Haleh Merrikh aka Kevin Salek and recorded in Deed Book 18589, Page 1138 in the Circuit Court of COUNT OF FAIRFAX Virginia." Otherwise, denied. The assertion in the footnote is a legal conclusion to which no

response is required. To the extent a response is deemed required, the allegations in the footnote are denied.

12. Citibank, as Trustee lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and, on that basis, denies same.

13. Admitted that Exhibit C to the Complaint gave notice of a foreclosure sale scheduled for November 29, 2011; that the notice of trustee's sale that is also part of Exhibit C states that McCabe, Weisberg & Conway was counsel for Surety Trustees, LLC; and that what appears to be a genuine copy of the Deed of Appointment of Substitute Trustee is attached to the Complaint as Exhibit D. Citibank, as Trustee lacks knowledge sufficient to form a belief as to the truth of any remaining allegations in paragraph 13 and, on that basis, denies same.

14. Denied.

15. Denied.

16. Admitted that the Deed of Appointment of Substitute Trustee contains the quoted language. Otherwise, denied.

17. Admitted that Paragraph 24 the Deed of Trust states "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. . . ." Further admitted that "Lender" includes any successor holder of the Note or owner of the debt. The remainder of Paragraph 17 is a legal conclusion to which no response is required. The Deed of Trust and Va. Code § 55-59(9) speak for themselves. To the extent a response is deemed required, denied.

18. Admitted that the Paragraph 16 of the Deed of Trust states that "the word 'may' gives sole discretion without any obligation to take any action." The Deed of Trust speaks for itself. Further admitted that Citibank, as Trustee holds the original Note. Otherwise, denied.

19. Admitted that the Deed of Trust states "[t]he notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." Otherwise, denied.

20. Paragraph 20 is confusingly worded, but appears to be a legal conclusion to which no response is required. The Note and Deed of Trust speak for themselves. To the extent a response is deemed required, denied.

21. Paragraph 21 is a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

22. Admitted that the Deed of Appointment of Substitute Trustee states that "Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3, Mortgage-Backed Pass-Through Certificates Series 2006-3 is the holder of the Note secured by said Deed of Trust." Further admitted that the Deed of Appointment of Substitute Trustee states that "by virtue of the power and authority contained in said Deed of Trust, the undersigned holder of the indebtedness secured thereby does by these presents appoint SURETY TRUSTEES, LLC, a Virginia Limited Liability Company . . . as Substitute Trustee, under said Deed of Trust . . . ." Otherwise, denied.

23. Admitted that the Deed of Appointment of Substitute Trustee states "IN WITNESS WHEREOF, THE Noteholder has caused this instrument to be signed by its duly authorized officer on this 1 day of November, 2011." Further admitted that the Deed of Appointment of Substitute Trustee was executed by April King, signing for American Home Mortgage Servicing, Inc., attorney in fact for Citibank, as Trustee. Otherwise, denied.

24. Denied.

25. Denied.

26. Denied.

27. Admitted that MERS executed a Notice of Assignment of Deed of Trust to Citibank, as Trustee effective November 17, 2009. Otherwise, denied.

28. Denied that any cited document was "fraudulent." Otherwise, Citibank, as Trustee lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies same.

29. Denied that Citibank, as Trustee obtained the loan in 2011. Further denied that MERS was not duly notified of the transfer of the loan to Citibank, as Trustee. Otherwise, Citibank, as Trustee lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies same.

30. Admitted that the Notice of Assignment of Deed of Trust was executed by Chris Pendley and Cheryl Thomas. Otherwise, Citibank, as Trustee lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, denies same.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted that Citibank, as Trustee, through its mortgage servicer, instructed Surety Trustees, LLC to initiate and proceed with the foreclosure. Otherwise, denied.

36. Admitted that Citibank, as Trustee, through its mortgage servicer, instructed Surety Trustees, LLC to initiate and proceed with the foreclosure. Otherwise, denied.

37. Admitted that Citibank, as Trustee, purchased the Property at foreclosure, has filed an unlawful detainer action, and obtained judgment in its favor in the General District Court, which is currently on appeal to the Circuit Court. Otherwise, denied.

38. Denied that Plaintiff's Complaint is authorized by the Deed of Trust. Otherwise, denied.

39. Admitted that SEC filings were made with respect to American Home Mortgage Assets Trust 2006-3. The filings speak for themselves. Otherwise, Paragraph 39 asserts legal conclusions to which no response is required. To the extent a response is deemed required, denied.

40. Admitted that SEC filings were made with respect to American Home Mortgage Assets Trust 2006-3. The filings speak for themselves. Otherwise, Paragraph 40 asserts legal conclusions to which no response is required. To the extent a response is deemed required, denied.

41. Denied.

42. Denied. Plaintiff admitted the debt in her bankruptcy.

### **Count I**

43. Citibank, as Trustee, realleges and incorporates by reference its responses to all of the paragraphs above, as though fully set forth herein.

44. Admitted that Citibank, as Trustee, through its mortgage servicer, instructed Surety Trustees, LLC to initiate and proceed with the foreclosure. Otherwise, denied.

45. Denied.

46. Citibank, as Trustee lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies same.

47. Denied.

48. Admitted that Citibank, as Trustee, through its mortgage servicer, instructed Surety Trustees, LLC to initiate and proceed with the foreclosure. Otherwise, denied.

49. Denied.

50. Denied.

## Count II

51. Citibank, as Trustee, realleges and incorporates by reference its responses to all of the paragraphs above, as though fully set forth herein.

52. Denied.

53. Denied.

54. Denied that MERS "fabricated" anything. Otherwise, denied.

55. Admitted that Plaintiff seeks an order of the sort described, but denied that Plaintiff is entitled to any relief. Otherwise, denied.

## Count III

56. Citibank, as Trustee, realleges and incorporates by reference its responses to all of the paragraphs above, as though fully set forth herein.

57. Denied.

58. Admitted that Citibank, as Trustee, has filed an unlawful detainer action, and obtained judgment in its favor in the General District Court, which is currently on appeal to the Circuit Court. Otherwise, Paragraph 58 asserts legal conclusions to which no response is required. To the extent a response is deemed required, denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred to the extent they lack a basis in fact or law.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has not suffered any damages.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has failed to mitigate her alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred by lack of standing.

### SIXTH AFFIRMATIVE DEFENSE

6. Award of punitive damages or attorneys' fees is not permissible.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the Rooker-Feldman doctrine and the anti-injunction act.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by res judicata and collateral estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff has misnamed the defendant she sued as "American Home Mortgage Assets Trust 2006-3," and said defendant lacks the capacity to be sued as named.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Citibank, as Trustee hereby incorporates all affirmative and negative defenses asserted by any other party to this case that are not otherwise specifically set forth in this Answer.

To the extent that Plaintiff has failed to set forth her claims with sufficient particularity to permit Citibank, as Trustee to determine all applicable and available defenses, Citibank, as Trustee reserves its rights to amend and/or supplement this Answer with additional defenses when and if such information is ascertained.

WHEREFORE, having fully answered each and every allegation in Plaintiff's Complaint and set forth its affirmative defenses thereto, Citibank, as Trustee respectfully requests that this Court deny Plaintiff the relief sought, and instead dismiss the Complaint with prejudice, award Citibank, as Trustee its fees and costs expended in this matter, and grant such other and further relief as this Court deems appropriate.

Dated: March 8, 2013                Respectfully submitted,

                                  WEINER BRODSKY KIDER PC

                                  By:    /s/ Michael Y. Kieval
                                          Michael Y. Kieval (VSB # 71142)
                                          Tessa K. Somers (VSB # 84477)
                                          1300 Nineteenth Street, NW, Fifth Floor
                                          Washington, DC  20036
                                          Tel: (202) 628-2000
                                          Fax: (202) 628-2011
                                          kieval@thewbkfirm.com; somers@thewbkfirm.com
                                          ***Counsel for Defendant Citibank, N.A., as Trustee***

# **CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of March, 2013, I am filing the foregoing Answer, by ECF, which will cause electronic service to be effected on all counsel of record.

      /s/ Michael Y. Kieval
Michael Y. Kieval (VSB # 71142)
WEINER BRODSKY KIDER PC
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC  20036
Tel: (202) 628-2000
Fax: (202) 628-2011
Email: kieval@thewbkfirm.com