IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| HALEH MERRIKH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-209 |
| AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3; and SURETY TRUSTEES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT CITIBANK, N.A., AS TRUSTEE FOR
AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3'S
OPPOSITION TO MOTION TO RECONSIDER**

Defendant Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3 ("Citibank, as Trustee"), respectfully submits this Opposition to Plaintiff's Motion to Reconsider Dismissal with Prejudice, ECF No. 24, as follows:

**INTRODUCTION**

At the hearing of March 29, 2013, this Court dismissed Plaintiff Haleh Merrikh's ("Plaintiff's") Complaint with prejudice, and entered its Order to that effect the same day. *See* Order of Dismissal with Prejudice, ECF No. 23. Without citing any valid legal or factual grounds, Plaintiff moved for reconsideration of the Court's dismissal with prejudice, requesting instead dismissal without prejudice. Because Plaintiff's motion is without merit, Citibank, as Trustee, respectfully requests that this Court deny Plaintiff's Motion.

**ARGUMENT**

**I.  Plaintiff's Motion Should Be Denied Because It Does Not Meet The Requirements For Amendment Of An Order Under Federal Rule Of Civil Procedure 59(e).**

According to the Fourth Circuit Court of Appeals:

> The Federal Rules of Civil Procedure do not provide for a post judgment "motion for reconsideration." Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment. Because, consistent with Rule 59(e), Plaintiffs filed their motion within ten days of the district court's judgment, we construe it as arising under Rule 59(e).

*Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011) (citation omitted).

Because Plaintiff filed her Motion to Reconsider three days after the Court's Order of Dismissal, the Motion should be considered a motion to alter or amend the Court's judgment under Rule 59(e). Plaintiff's Motion, however, fails to meet this standard:

> Although Rule 59(e) "provides no standard for when a district court may grant such a motion," we "have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."

*Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 385 n.2 (4th Cir. 2010) (citation omitted). Plaintiff (1) does not allege a change in controlling law; (2) waived her right to amend the Complaint to add facts and additionally, proffered none at the March 29, 2013 hearing; and (3) does not allege error of law or manifest injustice.

Because Plaintiff's Motion to Reconsider demonstrates, at most, "mere disagreement" with the Court's ruling, it cannot support Rule 59(e) relief and should be denied. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002).

**II.     Dismissal With Prejudice Was Proper Because Plaintiff's Legal Theory Is Untenable.**

In her Motion to Reconsider, Plaintiff indicates that Federal Rule of Civil Procedure 41(b) "gives courts discretion to dismiss a claim without prejudice." Pl's Mot. to Reconsider (citation omitted). Plaintiff fails to note that the inverse is also true; this Court has discretion to dismiss *with* prejudice. In fact, Rule 41(b) indicates a presumption in favor of dismissal with

prejudice: "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." In this case, the Order of dismissal explicitly stated that "Plaintiff's Complaint is hereby **DISMISSED with prejudice**" (emphasis in original), and the Minute Entry for the hearing stated the Defendants' Motions to Dismiss were "granted, for all the reasons in [Defendants'] papers and as stated in court." Order of Dismissal, ECF No. 23; Minute Entry, ECF No. 22.

The Court's dismissal with prejudice in this case was well-founded. As explained in Citibank, as Trustee's Memorandum in Support of its Motion to Dismiss, ECF No. 9, Plaintiff's entire Complaint is based upon a legal theory that is inconsistent with Virginia law, and has been rejected by the U.S. Court of Appeals for the Fourth Circuit. Rather than restate in detail the arguments set forth in its Motion to Dismiss, Citibank, as Trustee, hereby incorporates by reference its Memorandum in Support of its Motion to Dismiss, ECF No. 9.

No set of facts could state a claim for relief upon the legal theory advanced by Plaintiff in this case. As such, dismissal of Plaintiff's claims with prejudice was proper, and Plaintiff's Motion to Reconsider should be denied.

### III. Dismissal With Prejudice Is Proper Because Plaintiff Failed To Amend Her Complaint Upon Removal From State Court.

Plaintiff argues that dismissal without prejudice is warranted because she "can potentially adjudicate claims upon adding facts and counts that may have arisen since the initial filing of the Complaint on April 26, 2012 in Fairfax County Circuit Court." Pl's Mot. to Reconsider, ECF No. 24. Yet, under Federal Rule of Civil Procedure 15, Plaintiff had the opportunity to amend her Complaint upon removal to federal court. Plaintiff failed to do that, and now seeks instead to amend the Court's considered judgment. The Court's order of dismissal with prejudice was proper, and Plaintiff's Motion to Reconsider should thus be denied.

## CONCLUSION

Plaintiff's Motion to Reconsider must fail because it does not meet the Rule 59(e) standard and because her claims are based on untenable legal theories. For the foregoing reasons, Citibank, as Trustee respectfully requests that this Court deny Plaintiff's Motion and affirm its Order of dismissal with prejudice.

Dated: April 11, 2013

Respectfully submitted,

By:   */s/ Tessa K. Somers*
Michael Y. Kieval (VSB # 71142)
Tessa K. Somers (VSB # 84477)
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
kieval@thewbkfirm.com; somers@thewbkfirm.com
***Counsel for Defendant Citibank, N.A., as Trustee***

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of April, 2013, a copy of the foregoing Defendant Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-3's Opposition to Plaintiff's Motion to Reconsider was served on all parties and counsel of record via the Court's CM/ECF system:

    /s/ Tessa K. Somers
Michael Y. Kieval (VSB # 71142)
Tessa K. Somers (VSB # 84477)
1300 Nineteenth Street, NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
kieval@thewbkfirm.com; somers@thewbkfirm.com
***Counsel for Defendant Citibank, N.A., as Trustee***